UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA L. BOOS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-CV-2694** |
| **GLOBUS MEDICAL, INC. AND GLOBUS MEDICAL NORTH AMERICA, INC.** | **SECTION "L" (4)** |

### ORDER AND REASONS

Before this Court is Defendants Globus Medical, Inc., and Globus Medical North America, Inc.'s Motion to Dismiss for Failure to State a Claim, R. Doc. 9. Plaintiff opposed the motion, R. Doc. 11, and Defendants filed a reply, R. Doc. 15. Having considered the pleadings and the applicable law, the Court now rules as follows:

**I.     BACKGROUND**

Plaintiff Linda L. Boos filed this personal injury/products liability action against Defendants Globus Medical, Inc., and Globus Medical North America, Inc. for injuries allegedly sustained from medical hardware that was allegedly manufactured and sold by Defendants. R. Doc. 1-1 at 1. Plaintiff asserts that on or around November 15, 2018, she underwent lumbar spinal surgery that required the implantation of surgical rods and screws into her lumbar spine. *Id.* Plaintiff alleges that the surgical screws and rods used in her surgery were designed, manufactured, assembled, marketed, distributed, and sold by Defendants, who are in the business of designing, manufacturing, and selling medical devices, including surgical screws, rods, and other related hardware. *Id.* at 1-2. Plaintiff asserts that on August 15, 2019, she was informed by her surgeon that her spinal implant had broken. *Id.* at 3.

1

Plaintiff alleges that Defendants are liable for her injuries and damages pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.52 *et seq. Id*. Plaintiff claims that she has suffered injuries to her mind and body, including injuries to her lumbar spine, legs, and hips, affording her special damages for past and future medical expenses; past and future physical pain and suffering; past and future mental pain and anguish; loss of enjoyment of life; permanent disability; past lost wages; loss of earning capacity; loss of household services and consortium; and any other damages proven at trial. *Id*. Plaintiff originally filed this action in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana on August 4, 2020, and Defendants removed the action to this Court on October 2, 2020 pursuant to 28 U.S.C. § 1332(a). R. Doc. 1 at 1. Plaintiff is a resident of Louisiana, and Globus Medical, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. *Id*. at 2-3. Globus Medical North America, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania. *Id*. Plaintiff alleges damages in excess of $75,000. *Id*.

## II.    PRESENT MOTION

Defendants have not yet answered the Complaint, but instead filed a Motion to Dismiss for Failure to State a Claim. R. Doc. 9 at 1. Defendants assert that Plaintiff's Complaint is "impermissibly vague and conclusory" and fails to include the basic facts necessary for identification, including the name of Plaintiff's surgeon, the types of surgical screws, rods, and other hardware used, the exact manufacturing defect, and the exact manufacturing process failure. R. Doc. 9-2 at 1.

## III.    LAW & ANALYSIS

### a.  Legal Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations that are "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Particularly, "a plaintiff must plead specific facts, not mere conclusory allegations." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). The complaint must also "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on a motion to dismiss, a court must construe facts in the light most favorable to the nonmoving party, *id.*, and it "must accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n. 1 (2002)). A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Typically, a court considering a motion to dismiss is confined to the four corners of the complaint. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011). However, a court may also consider documentary evidence attached to a motion to dismiss "if [it is] referred to in the plaintiff's complaint and [is] central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The Court concludes that Plaintiff has stated a facially plausible claim under the LPLA and that it is inappropriate to dismiss the lawsuit at this time. Pursuant to the LPLA, Plaintiff has identified who manufactured the implant; that the implant was a possible proximate cause of her injuries; and that her damages may have arisen from a reasonably anticipated use of the product. *See* La. R.S. § 2800.54. However, Plaintiff's Complaint should have included more details pursuant to the LPLA's pleading requirements, which Plaintiff conceded in her opposition. R. Doc. 11 at 3. Therefore, the Court encourages Plaintiff to amend the Complaint within ten days to provide further details, such as the facts she presented in her opposition to the motion to dismiss.

## IV.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, R. Doc. 9, is **DENIED WITHOUT PREJUDICE**. Defendants may reurge the motion to dismiss at a later time.

New Orleans, Louisiana, this 19th day of February 2021.

_____
Judge Eldon E. Fallon